IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ALABAMA SOUTHERN DIVISION

FILED
06 OCT -6 AM 8: 19
U.S. DISTRICT COURT
N.D. OF ALABAMA

Johnathon D. Hill

    Plaintiff,

V.                                   Case No. 2:06-CV-1303-UWC-TMP

Sharon McSwain, et al.,

    Defendant(s)

## MOTION TO AMEND SUPPLEMENTAL PLEADINGS

    Comes now the Plaintiff, Johnathon D. Hill, and moves this Hon. Court, pursuant to Rule 15(a),(b),(c), & (d), Fed.R.Civ.P., for the following reasons:

    1. On July 3,2006, this Plaintiff filed a civil action law suit, pursuant to Title 42 Section 1983.

    Plaintiff, avers that as of this date there has been no response from the defendant(s), and states that he is unskilled in the law and respectfully request this Hon. Court to allow him to amend his law suit to straighten out certain issues/facts of grave importants.

    Plaintiff prays that he is allowed to amend his pleadings by adding C01 Caldwell, and C01 Rasmussen as defendant(s) in this matter, and correcting other errors made in the original complaint.

## STATEMENT OF THE FACTS

On or about May 3rd, 2006, between 1:00 p.m. and 2:00 p.m., I was stabbed by inmate Ronald Bowman # AIS 179980. I was held hostage in my own assigned-cell Unit # 2-Block, cell 8; Donaldson Correctional Facility. I was held hostage for approx, forty-five minutes, "before" I was stabbed by inmate Bowman.

Officers Caldwell and Rasmussen were assigned to Unit 2-Block on the day of this stabbing, and failed to do their required routine cell-check at every 15-20 minutes intervals on this occassion. Had this cell-check been conducted as required such would have revealed the situation I was in and would have provided me an out and an opportunity to blurt-out for help, thus stagnating the later opportunity for my assailant to stab me..

After being stabbed by Bowman the sight of the blood scared him (Bowman) and prompted him to open the cell door and summon the officers-(guards).

Officer (C01) Rasmussen dispatched to my cell and inquired into the matter. I showed him my stab wound and it startled him to the extent that he exited the cell immediately and summoned for another officer to come out the cube. (C01) Officer Caldwell.

Inmate Bowman was ordered to exit the cell and he complied. Inmate Bowman admitted to the officers that he stabbed me. I was then escorted to the infirmary where I was examined by medical personelle and told that the stab wound had penetrated my chest-bone. This incident is the basis for this civil action, under the premises of inadequate "lack of security".

2.

Before I was ever stabbed I sought assistance from several Correctional Authorities which could have prevented the incident from occurring. Inmate Bowman and I was involved in a relationship (sexual), and our compatibility had deteriorated over time... Bowman and I were assigned to the same dormitory--(cell blcok 2). Dormitory Officer- 1st Shift--(Bobby Jones), sent me to the facilties I.C.S. office, which is ran by Sgt. Sharon McSwain, who is designated to assign bed movements/ living area assignments etc,.

I informed Officer McSwain about my problems with inmate Bowman and requested that she separate us by moving Bowman(the problem) out of the dormitory into another one. She told me that she did not have time to hear about my problems..Sgt McSwain told me that she was not going to move anybody anywhere, but that me and Bowman was going to sign a living agreement, and that was all that would be done in our situation. I told her that Bowman and I had already signed living agreements (contracts)that was in our files and these measures did not do any good. She told me that I brought all of this on myself by being gay and that Bowman and I would get over our problems eventually.. I left her office,but before I left I made it clear to her that inmate Bowman had threatened my life and that I did not fell safe if we lived in the same dormitory.

Shortly after this, inmate Bowman moved into my cell without I.C.S. approval. For doing this rule infraction, he was placed in "House Arrest", an intermediary form of segregation, where inmates privileges are curtailed and the inmate is restricted to a cell inside ef a normal dormitory where other inmates live, whose privileges are not restricted...

I went to Sgt. McSwain during the 12 days that Bowman was in House Arrest and begged her not to move him (Bowman) back into Unit 2-Block where I stayed, upon his release from House Arrest. She was very nonchalant about the situation and when I criticized her about thisa nonchalantness, she told me flat-out "she didn't give a fuck--" and get the hell out of her office."

3.

I spoke with other correctional personelle on other shifts as well, but to no avail did I get any help.

RELIEF SOUGHT:

I want this Hon. Court to award me 3.6 million dollars in punitive damages each from C01 Officer Caldwell, and C01 Officer Rasmussen, for failing to do their job assignment."Lack of Security."

I want this Hon. Court to award me 3.6 million dollars in Compensatory damages each from C01 Officer Caldwell, and C01 Officer Rasmussen for the injuries I sustain.

RELIEF SOUGHT:

I want this Hon. Court to award me 3.7 million dollars in punitive damages from Sgt. Sharon McSwain for the mental anguish, shame degradation I suffered.

I want this Hon. Court to award me 3.7 million dollars in compensatory damages from Sgt. Sharon McSwain for being deliberate and indifferent toward my safety, while in her custody and control as a Officer and human being.

Plaintiff demands a bench trial!

10-4-06
Johnathon D. Hill

4.

## CERTIFICATE OF SERVICE

I hereby certify that I have served the original "Motion to amend supplemental pleadings, upon the Clerk, and a copy of the same to be served on the defendants, by plaeing the same in the institutional internal mail system postage prepaid and properly addressed this 4th day of Oct, 2006.

10-4-06
Johnathon D-Hill
Johnathon D. Hill

5.